IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ASHLEY WILCOX PAGE,** | ]<br>]<br>] |
| **Plaintiff,** | ]<br>] |
| v. | ]   2:16-cv-01993-KOB |
| | ] |
| **TODD L. HICKS, NNA, CRNA, et al.,** | ]<br>] |
| **Defendants.** | ] |

## MEMORANDUM OPINION AND ORDER

This matter is currently before the court on Defendants' Motion to Dismiss, in which they argue that Plaintiff's Complaint should be dismissed because the court lacks subject matter jurisdiction. (Doc. 1-23). On June 9, 2017, this court ordered the Plaintiff to show cause why it should not dismiss her claims because they are not ripe for adjudication. (Doc. 18). Plaintiff filed a response to that order explaining why she contends her claims are ripe. (Doc. 19). She correctly observes in that response, "The Defendants' attack in this case is based solely on the Complaint's allegations and is, therefore, a facial attack." (*Id.* at 6). Indeed, by its nature, a motion to dismiss makes a "facial attack" on the sufficiency of the allegations contained in a complaint. *See also Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232–33 (11th Cir. 2008) (citing and quoting *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007)) ("A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack. A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [the] complaint are taken as true for the purposes of the

motion."). Taking the allegations within the four corners of her Complaint as true, the question remains whether they sufficiently establish that her claim is ripe for adjudication thus properly invoking the court's subject matter jurisdiction.

As the court has already explained, Plaintiff's Complaint shows that at the time of filing, Ms. Page had not completed the School of Nursing's internal appeals process, as she must for her dismissal to be final under the rule in *Stevenson v. Bd. of Educ. of Wheeler Cty.*, 426 F.2d 1154 (5th Cir. 1970).[1] *See* (Doc. 18 at 4). In her response, Ms. Page includes new factual information not contained in her Complaint that the court cannot consider in ruling on Defendants' Motion to Dismiss. Because the Plaintiff's Complaint on its face fails to allege facts to show her claims are ripe for adjudication, the court lacks subject matter jurisdiction to hear Ms. Page's claims. *See* FED. R. CIV. P. 12(b)(1).

The court **GRANTS** the Motion to Dismiss. Should Ms. Page wish to file an amended Complaint, she may file a motion for leave to do so by **July 20, 2017**.

**DONE** and **ORDERED** this 17th day of July, 2017.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.